In the

# United States Court of Appeals
## For the Seventh Circuit

No. 14-2558

DAN DAVIES,

*Plaintiff-Appellant,*

*v.*

KARLEN BENBENEK, et al.,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 12 CV 0045 — **Joan B. Gottschall**, *Judge.*

ARGUED DECEMBER 3, 2015 — DECIDED SEPTEMBER 12, 2016

Before WOOD, MANION, and HAMILTON, *Circuit Judges.*

MANION, *Circuit Judge.* Plaintiff Dan Davies sued Chicago
police officer Karlen Benbenek for using excessive force when
responding to a domestic disturbance at Davies' home in the
summer of 2010. A trial was held and the jury found for Of-
ficer Benbenek. On appeal Davies challenges several of the
district court's evidentiary rulings, but his arguments are
without merit. Because the evidence challenged by Davies

was used for a permissible purpose and was not unduly prejudicial, we affirm the district court's entry of judgment for Officer Benbenek.

## I. BACKGROUND

On June 24, 2010, Dan Davies and his then-girlfriend Lucille Whitehead got into a physical altercation in Davies' bedroom. Whitehead managed to call 911 and reported that she and Davies had gotten into an argument and that he had "pulled a gun" on her. Several Chicago police officers, including Officer Karlen Benbenek, responded to the call. The officers kicked down the door to Davies' home because no one answered after they knocked and announced their presence. When the officers entered they encountered Davies, who is paralyzed from the waist down, sitting in his wheelchair.[1] Davies' nephew was also there.

According to the police, Davies was very angry with them for being in his house. He used profanity, yelled at them, told them to get out, and talked about suing them. The officers proceeded to search the house and discovered illegal items in Davies' bedroom. Davies asked the police if his nephew could "take the rap" for the items, but the police declined the request. Davies then became increasingly agitated and again threatened to sue the officers and told them he had "sued before." He also spat on Officer Benbenek and made a foul comment about a tongue-piercing she had at the time. When Officer Benbenek told Davies he would be charged for spitting on her, Davies threw himself from his wheelchair onto the

---

[1] Davies has been a paraplegic since 1992.

floor, where he continued telling the officers that he would sue.

Davies paints a markedly different picture of his encounter with Officer Benbenek. He testified that, once he commented on her tongue-piercing, she grabbed him by the hair and punched him in the face multiple times, and that he later "w[o]ke up" on the floor choking on his own blood.

After Davies ended up on the ground, the officers called for an ambulance and Davies was taken to the hospital. The attending physician testified that Davies had sustained a fractured femur that was consistent with a fall. He also testified that Davies had severe osteoporosis which made his bones more susceptible to breaking through minor trauma.

Davies subsequently brought this civil action against Officer Benbenek under 42 U.S.C. § 1983, alleging that she used excessive force during the disputed encounter of June 24, 2010. Before trial, the parties filed motions in limine seeking a ruling on whether Officer Benbenek could offer testimony that Davies, in the course of threatening to sue the responding officers, told them that he had sued before. The defense also sought to present testimony that certain unidentified "items" were recovered from Davies' home, and that Davies was distraught when the police declined his request to pin possession of the items on his nephew. Over Davies' objection, the court ultimately admitted the proposed testimony at trial. The admitted testimony was not offered to prove that Davies had a prior history of litigation, nor did it include any description

of the items found in Davies' home.[2] Following trial the jury rendered a verdict for Officer Benbenek, and the district court entered judgment accordingly.

## II. DISCUSSION

Davies' appeal focuses on the district court's evidentiary rulings. He argues that the district court erred by allowing the responding officers to testify (1) that he told them he had sued before, and (2) that he became upset when they refused to hold his nephew responsible for the items that were discovered in his home. Davies contends that this testimony should have been excluded as impermissible character evidence under Federal Rule of Evidence 404(b), and as unfairly prejudicial under Federal Rule of Evidence 403.

We review the district court's evidentiary rulings for abuse of discretion and will reverse only if "no reasonable person could take the view adopted by the trial court." *United States v. Causey*, 748 F.3d 310, 315–16 (7th Cir. 2014) (internal marks omitted). Under Rule 404(b), evidence of a crime, wrong, or other act is not admissible to prove a person's character or propensity to act a certain way. Fed. R. Evid. 404(b)(1). Such evidence may be admissible, however, for another purpose, such as proving motive, opportunity, or intent. Fed. R. Evid. 404(b)(2). Under Rule 403, the district court is allowed to exclude evidence whose probative value is substantially outweighed by a danger of unfair prejudice. Fed. R.

---

[2] The responding officers also testified at trial that Davies told them he had "won" an earlier lawsuit and "made money" that way, but the district court struck that testimony on grounds that it referenced the result of Davies' alleged earlier litigation.

Evid. 403. Evidence is unfairly prejudicial "only if it will induce the jury to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented." *United States v. Bogan*, 267 F.3d 614, 623 (7th Cir. 2001) (internal marks omitted). We give "special deference" to the district court's admission of evidence under Rule 403. *United States v. LeShore*, 543 F.3d 935, 939 (7th Cir. 2008) (internal marks omitted).

### A. Testimony that Davies said he had sued before

Davies argues that the responding officers' testimony that he told them he had "sued before" was inadmissible under Rule 404(b) because it constituted other-act evidence that was used to tarnish his character. He also argues that the testimony should have been excluded under Rule 403 because it resulted in severe prejudice with no corresponding probative value. Neither argument has merit.

First, Rule 404(b) does not apply here because the challenged testimony is not other-act evidence that was used to prove Davies' character. The responding officers testified only that Davies *said* he had sued before, not that he *did* sue before. In doing so, the officers simply related what was said and done in the critical moments surrounding Officer Benbenek's alleged use of excessive force. Davies' words and actions at that time are central to the disputed circumstances underlying his claim of excessive force; they are not "other acts" used to establish a propensity inference in violation of Rule 404(b). *See Agushi v. Duerr*, 196 F.3d 754, 761 (7th Cir.

1999) (party's statement made days before alleged use of excessive force was nonetheless "part and parcel of the case at hand and thus [] not covered by Rule 404(b)").[3]

Davies has not made the required showing under Rule 403 either. Davies' comments to the responding officers are highly probative in evaluating the disputed encounter with Officer Benbenek that lies at the heart of his claim for excessive force. On the other side of the scale, there is nothing "inherently emotional or incendiary" about the officers' testimony that Davies said he had previously sued, *see United States v. Strong*, 485 F.3d 985, 991 (7th Cir. 2007), nor has Davies explained how the testimony would otherwise induce a jury to decide the case on an improper basis. Accordingly, the district court did not abuse its discretion in concluding that the probative value of this testimony was not substantially outweighed by the danger of unfair prejudice.[4]

---

[3] Even if the testimony that Davies said he had sued before were construed as other-act evidence, it still would not run afoul of Rule 404(b), since there is no indication that it was used for an improper propensity inference. Davies asserts that the testimony was used to show that he had a propensity to file frivolous lawsuits. But the mere suggestion that Davies may have "sued before" says nothing about the merits of the supposed earlier litigation; in recounting Davies' remarks at the scene, the officers did not attest that Davies had filed any previous lawsuits at all, let alone frivolous ones.

[4] Davies argues that he was further prejudiced by the officers' testimony that he said he had won an earlier lawsuit and made money that way, but that testimony was stricken, and in any event the suggestion that Davies had previously filed a successful lawsuit is hardly prejudicial.

### B.  *Testimony that certain items were found by the police*

Davies next argues that the district court erred by permitting the police to testify that they found certain items in his home, and that he became increasingly frantic when they refused his request to hold his nephew accountable for the items. We reject Davies' argument that this testimony should have been excluded under Rules 404(b) and 403.

Once again, the challenged testimony is not evidence of other acts within the parameters of Rule 404(b). The testimony centers on Davies' interactions with the responding officers just before his contested exchange with Officer Benbenek. Because Davies' remarks to the police at that time are an integral part of the facts and circumstances forming the basis of his case, Rule 404(b) does not apply. *See Agushi*, 196 F.3d at 761.

Turning to Rule 403's balancing test, the items-testimony was clearly relevant to the pivotal question of how Davies ultimately ended up on the floor (Davies' escalating agitation when confronted with the items makes it more likely that he threw himself from his wheelchair in the heat of the moment), while any resulting prejudice was mitigated by the fact that the items were not described to the jury in any way. The district court did not abuse its broad discretion in admitting this testimony at trial.

### III. CONCLUSION

The district court's evidentiary rulings were not an abuse of discretion. The challenged testimony was not impermissible character evidence under Rule 404(b), nor was it unduly

prejudicial under Rule 403. Finding no error, we do not address Officer Benbenek's alternative argument that any error was harmless.

AFFIRMED.